UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER ASHLOCK,    )<br>                                            )<br>                   Petitioner,    )<br>                                            )<br>         v.                             )<br>                                            )<br>STAN KNIGHT, Warden,    )<br>  Plainfield Correctional Facility,[1]    )<br>                                            )<br>                   Respondent.    )  | No. 1:17-cv-03498-JMS-MJD |

**Entry Granting Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Christopher Ashlock for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 17-06-0066 in which he was convicted of violating B-215, Unauthorized Possession of Property. For the reasons explained in this Entry, Mr. Ashlock's habeas petition must be **granted**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the petitioner's custodian, Warden Stan Knight, is properly substituted as the respondent. Effective July 1, 2017, Senate Enrolled Act 387 changed the title of the heads of Indiana penal facilities and correctional institutions from "superintendent" to "warden." See Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The **clerk is directed** to update the docket accordingly.

the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B.     The Disciplinary Proceeding

The discipline challenged in the petition occurred when Ashlock was housed at the Plainfield Facility. The report of conduct stated:

> On 6/8/17 at approximately 1:22pm I, Sgt. Faudree was approached by Ofc. Gagnon stating that offender Ashlock, Christopher #137863 had given him a [one-page] typed letter requesting witness(es) and evidence for case # IYC 17-06-0046 Unauthorized Possession of Personal Information-247B. Offenders at this facility have access to the Law Library, but must be on the Law Library call out. Offender Ashlock was screened for this case on 6/7/17 at approximately 1:15pm. The Law Library is over at 3:00pm and offender Ashlocak was not on the Law Library call out for 6/7/17. I checked the morning call out for the Law Library on 6/8/17 and offender Aslock was not on that call out either. Therefore Offender Ashlock could have not typed this letter in the Law Library and was not charged for the copies made of the letter.

Dkt. 10-1. The one-page letter at issue stated:

**REQUEST FOR WITNESS(ES)/EVIDENCE**

Case Number: IYC 17-06-0046

       I, Christopher Ashlock, #137864 request that the Disciplinary Hearing Officer retrieve a copy of the following;

1. Offender, Johnathan Morgan # 262713 phone list AS OF JUNE 4, 2017 to be Held by the Disciplinary Hearing Officer as confidential to me and incorporated into the Disciplinary hearing as Exculpatory Evidence.

2. A copy of my Phone List, AS OF JUNE 4, 2017

3. A copy of the Phone call made on June 4, 2017 at approximately 2:49 PM

                       Respectfully Submitted,

DATE: JUNE 8, 2017

                       Christopher Ashlock # 137864

Dkt. 10-3.

On June 8, 2017, Ashlock was charged in case IYC-06-0066 with offense B-0215, Possession or Theft of State Property. B-0215 makes "Unauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another" an offense. IDOC Adult Disciplinary Process, Appendix I, (available at https://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf) (last visited June 25, 2018)).

On June 10, 2017, Ashlock received a copy of the conduct report. At the same time, Ashlock received notice of his rights. Ashlock plead not guilty, requested a lay advocate, and said he did not wish to call any witnesses or need any physical evidence.

The Disciplinary Hearing Officer (DHO) held the disciplinary hearing on June 14, 2017.

Ashlock gave a statement that the hearing officer recorded as follows:

> First copy is free according to law library.
> Shannon made the copy for me. [H]e typed it up.
>
> [A]dmits he was Guilty to taking offender pin and info for jpay use.
> Call was made to Law Library. [O]ffender has to be present during the whole time to get paper work.

Dkt. 10-3.[2] Offender Shannon gave a written statement admitting he created the document on behalf of Ashlock. Shannon wrote:

> I, Mark A. Shannon, #219451 do hereby state that I advised Christopher Ashlock #137894 to present a witness/evidence request to the DHB to retrieve documents to present in his defense regarding case number: IYC 17-06-0046.
> I went to the law library and drafted the witness/evidence request and provide it to Christopher Ashlock #137864 to be given to DHB for Requested Witnesses or Evidence as required by ADP 02-04-101.

Dkt. 10-3.

The Disciplinary Hearing Officer (hereinafter referred to as "DHO Walker") considered the staff reports, the statement of the offender and the evidence from witnesses and found Ashlock guilty. The sanctions imposed included a written reprimand (specifically "take care of things on your own"), extra work duty, a loss of thirty (30) days of credit time, suspended, and the loss of credit class, suspended. These sanctions were later imposed.

Mr. Ashlock appealed to Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[2] This comment appears to include statements made by the hearing officer and not Mr. Ashlock. In addition, it is unclear what relevance "taking offender pin and info for jpay" has to the facts of this case.

**C.      Analysis**

Mr. Ashlock argues that he is entitled to relief because he was denied a fair and impartial hearing officer, his conviction violates the doctrine of ex post facto, the evidence is insufficient to establish his guilt, and Indiana Department of Correction's policies were not followed. Because the record lacks some evidence that logically supports a finding of unauthorized possession of property, Mr. Ashlock is entitled to relief.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-215 is titled "Unauthorized Possession of Property" and is defined as:

> Unauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another.

*See* Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf). (last visited June 25, 2018).

In order to convict Mr. Ashlock of a B-215 charge under these facts, it must be shown that he possessed State property or property belonging to another. In support, the respondent argues that a guilty finding was appropriate because Mr. Ashlock received the document from Mr. Shannon (another offender) and they should have known they were circumventing the Department of Correction's regulations on library use and costs.

The Court cannot trace the path of the respondent's reasoning in this instance. Whether Mr. Shannon did something wrong in creating the document and providing it to Mr. Ashlock is not the issue in this case. There is no basis to conclude that there is anything wrong with Mr. Ashlock talking about a disciplinary hearing with another inmate. Nor is there any basis to conclude that accepting a single piece of paper from another inmate for one's own use in a disciplinary proceeding constitutes possession of the property **of another**. Simply put, it is undisputed that the paper in question belonged to Mr. Ashlock, not the State or Mr. Shannon. This is true even if Mr. Shannon obtained it in violation of law library rules.

The respondent argues that this case is like *Rich v. Brown,* 2017 WL 3397902 (S.D. Indiana 2017). In that case inmate Rich took an unopened package of cotton pads from one work area to another without approval and attempted to pass them off to another inmate. But unlike here, the property at issue in *Rich* was state property.

Next the respondent references *Burton v. Davis,* 41 Fed. Appx. 841 (7th Cir. 2002), where the inmate was denied relief for giving mouse-traps or soup packets he found in the facility to another offender. But that case does not support the respondent's position. In that case, inmate Burton was **not** found "guilty of 'unauthorized possession of property' but instead found guilty of 'giving or accepting' something of value without proper authorization. . . ." *Id.* at 843.

Finally, the respondent references *Norington v. Superintendent*, 2016 WL 6395603 (N.D. Ind. Oct. 28, 2016). In this case inmate Norington requested and received nine bound copies of documents based on the false representation that they were legal materials necessary for a court filing. They were not. Ms. Norington's conviction for unauthorized possession of property was upheld. In this case, there is no suggestion that Mr. Ashlock made a false representation to obtain copies to which he was not entitled.

Again, it is possible that inmate Shannon violated prison rules, but the fact that Mr. Ashlock accepted a one-page piece of paper from another inmate related to his ongoing disciplinary hearing that he passed along to an officer for the purpose of pursuing his constitutional rights is simply not evidence of the unauthorized possession or theft of State property or property belonging to another. Accordingly, the "some evidence" standard required in disciplinary cases is not met here.

The Court is further troubled by the suggestion that the disciplinary hearing officer called his supervisor who also wrote the conduct report during the middle of the hearing to inquire whether the hearing officer should dismiss the case or proceed to a guilty verdict. If true, this would be direct evidence of partiality. Equally confusing is the custodian's statement that, "In this case the conversation was on the record to see whether the case should proceed." Dkt. 10 at p. 8.

The Court was not able to identify this conversation in the record. Thus, what actually occurred is not clear. Further briefing on this issue, however, is not necessary given the lack of evidence to support the conviction.

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Mr. Ashlock's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED.** Accordingly, Mr. Ashlock's petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 6/26/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER ASHLOCK
137864
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov